UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Joseph-allen Davis, et al., | ) | CASE NO. 5:24 CV 1360 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Manley Law Firm LLC, et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Joseph-allen Davis filed this action against Defendants Manley Law Firms, MidFirst Bank, Manley Deas & Kochalski, LLC, Stark West LLC, and numerous individuals. Davis claims to be asserting a cause of action on behalf of the Government related to False Claims.

With his complaint, Davis has filed a motion to proceed *in forma pauperis* (Doc. 3) and a motion to seal (Doc. 2). Those motions are DENIED AS MOOT. For the reasons stated below, his complaint is dismissed.

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). Additionally, federal courts are courts of limited jurisdiction and must police the boundaries of their jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). A complaint subject to dismissal for lack of subject-matter jurisdiction when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that Davis's complaint must be dismissed because it fails to state a valid cause of action. Davis purports to raise claims under the three sections of the False Claims Act ("FCA") below:

> (1) In general.--Subject to paragraph (2), any person who--
>
> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
> ...
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-4101), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729. Complaints alleging FCA violations must comply with Rule 9(b)'s requirement that fraud be pled with particularity because "defendants accused of defrauding the federal government have the same protections as defendants sued for fraud in other contexts." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir.2003). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Rule's purpose is to alert defendants "as to the particulars of their alleged misconduct" so that they may respond. *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 501 F.3d 493, 503 (6th Cir.2007). The heightened pleading standard is also designed to prevent "fishing expeditions," *id*. at 503 n. 11, to protect defendants' reputations from allegations of fraud, ibid., and to narrow potentially wide-ranging discovery to relevant matters. *United States ex rel. SNAPP, Inc. v. Ford Motor Company*, 532 F.3d 496, 504 (6th Cir.2008) ("SNAPP I ").

Davis's entire focus appears to be on his belief that a law firm apparently representing banks in foreclosure actions has somehow engaged in making false claims. While it is not entirely clear because of the hodge-podge nature of the complaint, it *appears* that Davis attempted to take possession of vacant property by squatting on property then attempting to quiet title. In response to that suit, the proper owners of that parcel appear to have hired counsel from Manley Deas & Kochalski, counsel that had previously been involved in a foreclosure of the property. The entirety of Davis's complaint here seems to suggest that he believes that the law firm involved in these proceedings was somehow not permitted to engage in business in Ohio. Davis's belief appears to stem from what he perceives as a distinction between the names, "Manley Deas Kochalski LLC," "Manley Deas & Kochalski LLC" and "The Manley Law Firm LLC."

Regardless of whether these are trade names, formal entities, or simply a typographical error that omitted the ampersand from one name, nothing within the complaint or amended complaint approaches stating a valid claim under the FCA. Rather, the evidence submitted along with the complaint simply demonstrates a law firm acting upon the wishes of its client to properly secure title to property. Accordingly, the complaint wholly fails to state a claim for relief.

## Conclusion

For the reasons stated above, Davis's complaint is dismissed. The Court further certifies, pursuant 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: November 21, 2024            /s/ John R. Adams
                                                             JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE