## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH-ALLEN DAVIS, | ) | CASE NO: 5:24-cv-01360 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| MANLEY LAW FIRM LLC, *et al.*, | ) | |
| | ) | (Resolves Doc. 10) |
| Defendant(s). | ) | |
| | ) | |

The matter before the Court is the *Motion to Vacate Order regarding False Claims Action (31 U.S.C. § 3729 et seq)* (Doc. 10) (the "Motion") filed by Plaintiff Joseph-allen Davis ("Davis").

For the reasons stated below, the Motion is DENIED.

### I. FACTUAL BACKGROUND

Davis, proceeding *pro se*, filed this action on behalf of the United States of America (the "Government") under the False Claims Act, 31 U.S.C. § 3729, claiming Manley Law Firm LLC and others made fraudulent claims. Doc. 5. The Government declined to intervene (Doc. 4) and the Court dismissed the action for failure to state a claim due to Davis's failure to plead the allegations with particularity. Doc. 7. About two months later, Davis filed the Motion, wherein he asks the Court to vacate its prior order dismissing the action. Davis attempts to remedy his pleading mistakes and provide more information, while simultaneously denying any failure in prior filings. Doc. 10 at pp. 2–4.

1

## II.     LAW AND ANALYSIS

Davis is a *pro se* litigant, therefore the Court construes the Motion liberally pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972). The Motion does not cite any civil rules or other authority, but mainly contains elements of a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure (the "Rules"), therefore the Court will address the Motion accordingly.

### a.  Rule 59(e)

A motion to vacate, alter, or amend a district court order is properly considered as a motion pursuant to Rule 59(e). *Columbia Gas Transmission v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir. 1991). A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment. *Hunter v. United States*, 792 F. Appx. 370, 371 (6th Cir. 2019).  Here, the Court entered judgment on November 21, 2024, and Davis moved to vacate on January 17, 2025. His Motion was filed well after the 28-day deadline imposed by Rule 59(e); therefore, it is untimely.

### b.  Rule 60

A motion to vacate that is filed more than 28 days after the entry of judgment may alternatively be construed as a motion for relief from judgment under Rule 60(b). *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These circumstances include:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3) fraud…misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged…or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Davis notes his "possible mistake" and appears to suggest that either i) he made a mistake in his original pleading, and/or ii) the Court made a mistake in dismissing his case.

Doc. 10 at 2–4. Therefore, the Court construes the Motion as one pursuant to Rule 60(b)(1) in absence of the availability of Rule 59(e).

Rule 60(b)(1) is "intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

As to the first situation, Rule 60(b) is not intended to provide a litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). And, although *pro se* pleadings are construed liberally, courts are not required to "conjure up allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir. 1979). This second chance is exactly what Davis appears to request from the Court by stating he "thought [he] provided 'with particularity'" and subsequently listing the actions he believes constituted fraud, to include: an auditor falsely certifying documents, those documents being used in connection with a property conveyance, and agents of "Manley Deas & Kochalski LLC" instead operating as "Manley Deas Kochalski LLC." Doc. 10 at pp. 2–3. Davis alleges that each of these actions caused him harm, but still fails to plead the injury resulting from the alleged fraud with particularity. *See* Fed. R. Civ. P. 9(b); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 879, 877 (6th Cir. 2006) (a plaintiff must allege "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.") While the allegations in the Motion are presented more coherently than those in the original pleadings, Davis has not met his heightened burden of showing excusable mistake that warrants relief under the first Rule 60(b)(1) situation.

Next, Davis suggests the second Rule 60(b)(1) scenario applies because the Court made a substantive mistake when it dismissed his case pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. 10 at p. 3.  This conclusion is incorrect. The Court is statutorily required to screen an *in forma pauperis* complaint and dismiss it when it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Powell v. Jacor Communs. Corporate*, 320 F.3d 599, 601 (6th Cir. 2003). Therefore, the second situation applicable to Rule 60(b)(1) similarly does not apply here. The Court did not make a substantive mistake of law when it screened Davis' complaint and *sua sponte* dismissed it for failure to state a claim.

## III.    CONCLUSION

For the reasons stated above, the *Motion to Vacate Order regarding False Claims Action (31 U.S.C. § 3729 et seq)* (Doc. 10) is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.


IT IS SO ORDERED.


March 19, 2025                                    _____/s/ John R. Adams_____
Date                                                    JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE